**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAZLYN MARIE CUNNINGHAM,

    Plaintiff,

                               CASE NO.

-vs-

LEXIS NEXIS RISK DATA
MANAGEMENT, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JAZLYN MARIE CUNNINGHAM (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling consumer reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3.      The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.      Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and LexisNexis transacts business within this District

2

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10.     LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     LexisNexis is one of the largest background reporting agencies in the United States today.

13.     Plaintiff first became aware of an issue approximately two years ago.

14.     Plaintiff has a twin sister, Jaylyn M. Cunningham.

15.     After turning 18, Plaintiff's twin sister applied for and was approved for a Discover credit card.

16.    Shortly thereafter, Plaintiff also applied for a Discover credit card. Plaintiff received a denial from Discover with the reasoning being that she already had a Discover account.

17.    Recently, Plaintiff was shopping for automobile insurance and was being quoted unusually high rates. Upon information and belief, Plaintiff discovered that the high rates were due to information and accounts appearing on her LexisNexis consumer report which actually belonged to her twin sister.

18.    On or about October 10, 2023, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting and requested an updated copy of her consumer report. In the letter, Plaintiff explained she had a twin sister and information belonging to her twin sister was appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license, social security card, and lease agreement as proof of identity. Plaintiff also included images of the erroneous reporting and copies of her twin sister's driver's license, social security card, and W2 as proof that Plaintiff and her twin sister are two separate people.

19.    Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9510 8154 4132 3283 1622 64.

20.    On or about November 7, 2023, LexisNexis responded by stating they were unable to process her request because they were unable to locate Plaintiff's file.

21.     However, on the same date, November 7, 2023, LexisNexis sent Plaintiff a copy of her LexisNexis consumer report. Upon review, Plaintiff observed that LexisNexis continued to report two (2) driver's license violations which belonged to Plaintiff's twin sister.

22.     Plaintiff provided enough information to LexisNexis to identify her file and to handle the dispute. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

23.     LexisNexis failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

24.     In response, on or about November 29, 2023, Plaintiff sent another detailed dispute letter to LexisNexis. In the letter, Plaintiff reiterated she had a twin sister and information belonging to her twin sister was appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license, social security card, and lease agreement as proof of identity. Plaintiff also included images of the erroneous reporting and copies of her twin sister's driver's license, social security card, and W2 as proof that Plaintiff and her twin sister are two separate people.

25.     Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9407 1112 0620 4838 7292 57.

26.     Despite Plaintiff's best efforts to have the inaccurate information corrected, upon information and belief, LexisNexis continues to report the inaccurate information belong to Plaintiff's twin sister on Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

27.     Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

28.     Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis' reluctance to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

29.     LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

30.     As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

6

life; Plaintiff is being physically affected by LexisNexis' reluctance

to fix the errors;

iv.    An increase in his auto insurance deductible;

v.    Inability and difficulty in obtaining affordable automobile

insurance; and

vi.    Defamation as LexisNexis published inaccurate information to third

party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Data Management, LLC (Negligent)**

31.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through

thirty (30) as if fully stated herein.

32.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains

concerning Plaintiff.

33.    Upon information and belief, LexisNexis allowed for a Furnisher to

report inaccurate information on an account.  LexisNexis failed to have policies and

procedures to avoid misreporting accidents.

34.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

35.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

36.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

37.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Data Management, LLC (Willful)

38.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty (30) as if fully stated herein.

39.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

40.    Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information on an account.  LexisNexis failed to have policies and procedures to avoid misreporting accidents.

41.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

42.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

43.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

44.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

45.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty (30) as if fully stated herein.

46.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

47.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct

any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

48.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

49.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

50.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, LexisNexis Risk Data Management, LLC (Willful)**

51.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty (30) as if fully stated herein.

52.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

53.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

54.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

56.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

57.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty (30) as if fully stated herein.

58.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

59.    Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

60.    Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

61.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

62.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, LexisNexis Risk Data Management, LLC (Willful)

64.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty (30) as if fully stated herein.

65.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

66.    Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

67.    Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

68.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAZLYN MARIE CUNNINGHAM, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of December 2023.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.

16

Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*